IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

A-7 AUSTIN, LLC D/B/A
AUSTIN HOSE,

       Plaintiff,

v.

2:24-CV-42-Z-BR

BRIDGESTONE HOSEPOWER, LLC
and ANDREW KURON,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motions to Dismiss for Lack of Personal Jurisdiction And Alternatively, Motion to Dismiss for Improper Venue ("MTD") (ECF Nos. 14, 16). The MTD is **DENIED**.

### BACKGROUND

The parties dispute whether Defendant Andrew Kuron ("Kuron") misappropriated trade secrets obtained during his employment at A-7 Austin, LLC d /b/a Austin Hose ("Austin Hose"), and disclosed them to Bridgestone Hosepower, LLC ("HP"), violating Kuron's Executive Agreement. ("Executive Agreement"). ECF No. 1 ¶¶ 1, 20. Kuron was previously employed by Powertrack International, LLC ("Powertrack") in Pittsburgh, Pennsylvania, where he is domiciled. *Id.* ¶¶ 3, 19, 25. During his employment with Powertrack, Kuron signed an Executive Agreement with restrictive covenants attached. *See generally* ECF No. 1-3. Austin Hose acquired Powertrack in 2021. ECF No. 1 ¶ 2. Kuron resigned from Austin Hose on May 16, 2022, and began working for HP. *Id.* ¶¶ 28–29. HP is a Delaware corporation with a principal place of business is in Florida and has locations in Texas. *Id.* ¶ 4.

1

## LEGAL STANDARD

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). ECF Nos. 14 at 8, 16 at 5. Under these rules, the Court must accept Austin Hose's appropriately pled factual allegations and resolve all disputes in the plaintiff's favor. *Carmona v. Leo Ship Mgmt.*, Inc., 924 F.3d 190, 193 (5th Cir. 2019) (citations omitted); *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x 612, 615 (5th Cir. 2007). But the Court may rely on affidavits, interrogatories, depositions, and other recognized methods of discovery. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Austin Hose bears the burden of establishing personal jurisdiction over Kuron and HP. *In re DePuy Orthopedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018) (citations omitted). This Court may exercise personal jurisdiction over Defendants if permitted by the Texas long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019) (citations omitted). These authorities collapse into one federal due process analysis. *Id.*

Plaintiff can satisfy due process if Kuron and HP purposefully availed itself of the benefits of Texas by establishing "minimum contacts" with Texas and if the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Id.* at 250 (internal marks omitted). The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* (internal quotation marks omitted) (quoting *Burger King Corp. v. Rudezwicz*, 471 U.S.462, 475 (1985) (cleaned up)).

A motion to dismiss for improper venue generally requires the Court to determine whether the venue is supported by 28 U.S.C. Section 1391. *Atl. Marin. Const. Co. v. U.S. Dist. Ct. for W.*

*Dist. of Tex.*, 571 U.S. 49, 55 (2013). "[M]ost district courts . . . have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017). If venue is lacking, courts should "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been bought." 28 U.S.C. § 1406.

ANALYSIS

### I. This Court lacks general jurisdiction over Defendants.

#### A. Texas is not a paradigm forum for general jurisdiction.

"A court may assert general jurisdiction over [nonresident defendants] . . . when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal marks omitted). Establishing general jurisdiction is "difficult" and requires "extensive contracts between a defendant and the forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (internal marks omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal marks omitted). Meanwhile, "the 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business . . . ." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (internal citation omitted).

According to Austin Hose, Kuron "is an individual and has at all relevant times been a resident and citizen of Pennsylvania." ECF No. 1 ¶ 3. HP is "a Delaware limited liability company . . . with its principal place of business . . . [in] Florida." *Id.* ¶ 4. Thus, this is not a paradigm case, and the Court must review Kuron and HP's other Texas contacts.

3

### B. Defendants' Texas contracts are not otherwise so continuous and systematic to render it at home in Texas.

Amarillo-based Austin Hose asserts that this Court has general jurisdiction over Kuron "because the claims arise in connection with his former employment [there]," *id.* ¶ 7, and his disclosure of trade secrets located on a server in Texas to an employee located there.

Not so. The Fifth Circuit held that a defendant's contact was continuous and systematic because "[the defendant] maintained constant and extensive personal and business connections with Texas throughout his adult life." *Holt Oil & Gas Corp v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986). Kuron, by contrast, was merely associated with Texas through his one-year employment with Austin Hose, a Texas-based company. ECF No. 1 ¶ 27. Plaintiff did not otherwise allege constant and systematic contact between Kuron and Texas. And "[e]ven repeated contacts with the forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required . . . . [V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 609–10 (quoting *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)).

In an "exceptional case," similarly, a corporate defendant's operations in another forum may be so substantial and of such a nature to render the corporation at home in that state. *BNSF*, 581 U.S. at 413 (internal marks omitted). But exceptional cases do not focus solely on the magnitude of a defendant's in-state contacts because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 414 (internal marks omitted). Otherwise, "at home" would be synonymous with "doing business . . . ." *Daimler*, 571 U.S. at 140 n. 20.

HP, per Austin Hose, "has established a systematic and continuous connection with the state of Texas by maintaining multiple business locations and branches in this state, holding

significant taxable property in Texas, and employing many Texas residents." ECF No. 1 ¶ 6. It also "regularly conducts business within the state of Texas." *Id.* Thus, Austin Hose concludes, these connections "within the state of Texas [are] sufficient to confer general personal jurisdiction." *Id.*

This is simply doing business in Texas, nothing more. The Court held that BNSF's Montana contacts (2,000 employees) did not suffice for general jurisdiction. *BNSF*, 581 U.S. at 414. Therefore, HP's vague description of its "multiple" locations in Texas and "many" employees should not suffice, either.

### II. This Court has specific jurisdiction over Kuron.

"Specific jurisdiction is very different" from general jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). "[F]or a state court to exercise specific jurisdiction, 'the *suit*' must aris[e] out of or relat[e] to the defendant's contacts with the *forum*." *Id.* (emphasis in original) (quoting *Daimler*, 571 U.S. at 137). Jurisdiction exists when a "nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (internal citation omitted).

"[T]he Fifth Circuit has not yet addressed the issue of specific personal jurisdiction in the context of claims for breach of non-competition . . . ." *Deep S. Commc'ns, LLC v. Fellegy*, 652 F. Supp. 3d 636, 654 (M.D. La. 2023). And when our sister courts have addressed the issue, they focused exclusively on the former employee's subsequent conduct — not the former employer's. *See id.* (finding specific jurisdiction when non-resident traveled to the forum at least twenty two times throughout his five-year employment).

But Supreme Court jurisprudence is instructive here. A California-domiciled plaintiff in *Calder v. Jones* sued an out-of-state national magazine after claiming "she had been libeled in an article written and edited . . . in Florida." 465 U.S. 783, 784 (1984). One of the out-of-state defendants "rel[ied] on phone calls to sources in California for the information in the article" and "called [plaintiff's] home and read to her husband a draft of the article so as to elicit his comments upon it." *Id.* at 785–86. The other "is president and editor" of the magazine and "approved the initial evaluation of the subject of the article and edited in its final form." *Id.* at 786. Because "[t]he article was drawn from California sources" and "the brunt of the harm . . . was suffered in California[,]" the Court determined jurisdiction was "proper in California based on the 'effects' of [defendants'] Florida conduct . . . ." *Id.* at 788–89.

Kuron sent Christine Galloway, an HP employee at its Houston location, an invoice (the "Galloway Email") dated September 14, 2023. ECF No. 1 ¶ 33. The email was connected to Austin Hose customer Shreveport Air Tool. *Id.* After this email exchange, "Shreveport's purchase order volume with Austin Hose sharply declined from approximately $80,000 annually to less than $10,000." *Id.* at ¶ 34. "Because of [Defendants] actions, the volume of Austin Hose's business with its top customers in its Pennsylvania market has plummeted . . . with a direct correlation to decline in volume with the timing of Kuron's . . . subsequent disclosure." *Id.*

Kuron asserts that "the Galloway Email did not cause any harm to Austin Hose and cannot support the exercise of specific jurisdiction over Kuron." ECF No. 14 at 16 (quoting *Danziger v. De Llano, LLP v. Morgan Verkamp, LLC*, 24 F.4th 491, 497–98 (5th Cir. 2022)). Therefore, "Austin Hose . . . cannot rely on this single email for the contention that its claim occurred in Texas." ECF No. 14 at 17.

This cannot be. The proper lens is whether Kuron "purposefully directed" the activity at the forum state, and whether the "effects" were felt there. *Central Freight Lines Inc. v. APA Transport Corp.*, 323 F.3d 376, 381, 383 (5th Cir. 2003). And "minimum contacts" can be established when "an act done outside the state . . . has consequences or effects within the state[,]" and those effects were "seriously harmful and were intended or highly likely . . . ." *McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) (internal citations omitted).

Austin Hose alleged that it "suffered real and actual harm as a result of Kuron's [email]" directed to a Texas resident. ECF No. 1 ¶¶ 33, 44. Although mere allegations of tortious conduct are insufficient to establish personal jurisdiction, "it is clear that specific personal jurisdiction may be based on intentionally tortious conduct that is purposefully directed toward the forum state." *Central Freight Lines Inc.*, 322 F.3d at 383. Similar to the *Calder* defendants, Austin Hose alleges that its business directly suffered from Kuron's Texas-directed activity. ECF No. 1 ¶ 44. And because of the email sent to Texas, Austin Hose's business has allegedly suffered the consequences. *Id.* Taking the non-conclusory allegations as true at this stage, it is not unreasonable for Kuron to be haled into court in the Northern District of Texas for alleged forum-based tortious conduct.

In demonstrating forum-directed activity, this Court must now determine whether this exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." *Diece-Lisa Indus., Inc*, 943 F.3d at 250 (internal citations omitted). Kuron has the burden to "make a 'compelling case'" that this assertion of jurisdiction is unfair and unreasonable. *Fintech Fund, F.L.P. v. Horne*, 836 F. App'x 215, 220 (5th Cir. 2020) (quoting *Burger King Corp.*, 471 U.S. at 475).

Kuron fails to do so. "[O]ften the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on [an] alien defendant." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 592 (5th Cir. 2014) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cnty.*, 80 U.S. 192, 114 (1987)). Though Kuron may be inconvenienced, the burden is offset by his past traveling "to Texas to conduct business, which, at least to some degree, indicates that the burden of traveling to Texas is manageable. Further, Texas has an interest in the case as the case involves the alleged misappropriation of trade secrets . . . ." *Fintech Fund, F.L.P.*, 836 F. App'x at 222. Because Kuron failed to make a compelling case, Austin Hose has specific jurisdiction.

### III. This Court has specific jurisdiction over HP.

Austin Hose contends that "a significant portion of the events underlying the causes of the actions set forth below occurred in Texas or ar[o]se [from] [HP's] business in Texas, including but not limited to the receipt and use of Austin Hose's protected information by one of [HP's] agents in Houston, Texas." ECF No. 1 ¶ 6.

The central dispute between HP and Austin Hose is whether the Galloway Email sufficiently established specific jurisdiction over HP. ECF No. 25 at 6. HP alleges that "a single [] email exchange between two [HP] employees relating to the business operations of a Pennsylvania and Delaware-based company with respect to a Louisiana-based client cannot be said to be conduct directed by HP towards the State of Texas sufficient to hale it into Court in that State." ECF No. 16 at 14. HP cites *Wilson v. Belin* in support, where "merely answer[ing] one unsolicited email" did not meaningfully connect the defendant to Texas. 20 F.3d 644, 649 (5th Cir. 1994) (alteration in original). The email, according to HP, rests on "nothing but 'the mere fortuity that [Galloway] happens to be a resident of the forum.'" ECF No. 16 at 15 (alteration in original) (quoting *Holt Oil*

*& Gas Corp.*, 801 F.2d at 778).

The Court disagrees. HP heavily relies on *Danziger*, where an out-of-state defendant's only contact with Texas was a reply to an unsolicited email. 24 F.4th at 497. *Danziger* is distinguishable from the facts present here. The Complaint alleges that Galloway, an HP employee, sent an email from Texas, and she received confidential information in Texas. ECF No. 1 ¶ 33. And in this jurisdictional inquiry, corporations conduct business through their agents. *See Daimler*, 571 U.S. at 160 n.13 ("As such, a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there."); *see also Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 579 n.9 (5th Cir. 2004) (explaining that corporations are not natural persons and must act through their officers or agents). Precedent dictates, then, that Bridgestone acted through Galloway in allegedly sending and receiving confidential information.

The Complaint here, unlike in *Danziger*, asserts that HP "misappropriated Austin Hose's confidential information and trade secrets," which would benefit HP's Texas location. ECF No. 1 ¶ 45. Furthermore, this email was solicited. Galloway herself sent the email requesting the information. ECF No. 25-1. The alleged tort was conducted in the forum state, and it follows that the activity was "purposefully directed at the state of Texas" to benefit HP through the receipt of Austin Hose's confidential information. *Walk Haydel & Assocs., Inc*, 517 F.3d at 243. Through his response to the email, Kuron similarly participated in alleged tortious conduct and aimed the activity at the forum state. Under a *Calder* regime, a tortious act done outside the forum state with effects felt within the state will suffice for specific jurisdiction. 465 U.S. at 789.

Taking the non-conclusory allegations as true at this stage, it is not unreasonable for HP to be haled into court in the Northern District of Texas for alleged forum-based tortious conduct.

Having found specific jurisdiction, this Court holds that it is neither unfair nor unreasonable. *Fintech Fund, F.L.P.*, 836 F. App'x at 220. HP has locations across the United States, including in Texas. ECF No. 1 ¶ 6. It is reasonable to ask HP to litigate in Texas because it "maintains multiple business locations and branches in this state" and "regularly conducts business in Texas." *Id.* Texas, in addition, has some legitimate interest in litigating this matter here, as the alleged harm was directed towards it. *See Bean Dredging Corp. Co. v. Dredge Tech. Co.*, 744 F.2d 1081, 1085 (5th Cir. 1984) (reasoning that "[b]ecause the product was used in Louisiana, because the defects surfaced in Louisiana, [and] because the economic injury has befallen a resident of Louisiana . . . that state has an interest in providing a forum for this suit.").

Because HP failed to make a compelling case, Austin Hose has specific jurisdiction.

**IV. Venue is Proper in the Northern District of Texas.**

Venue is proper in any judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(2). A defendant that is a corporation "shall be deemed to reside . . . in any judicial district in which [it] is subject to . . . personal jurisdiction" at the time the action is commenced. *Id.* § 1391(c)(2). A corporation is deemed to reside within a judicial district in a multi-district state like Texas if "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* § 1391(d).

Austin Hose asserts that the venue is proper in the Northern District of Texas, Amarillo Division, "because a substantial portion of the events giving rise to the instant action occurred within this district." ECF No. 1 ¶ 8. The Court agrees.

The Complaint contends that Kuron and HP misappropriated confidential information stored on Austin Hose's servers in Amarillo, Texas. ECF No. 1 ¶ 7. It follows that because the

trade secrets are allegedly located on the servers, the harm to Austin Hose would most be felt at its principal place of business and site of incorporation in Amarillo. Not only would a substantial part of the events would have occurred here. A substantial part of the property — the confidential information, trade secrets, and the servers — is also located within the Northern District of Texas. *Id.* In addition, HP, as a corporation, is subject to jurisdiction within the Northern District. 28 U.S.C § 1391(c)(2).

The other alternative venue is the Southern District, where the Galloway email originated and was directed. Courts have held that venue may be proper in more than one district. *Compass Tech. Servs., Inc. v. GM Networks, Ltd.*, 3:13-CV-3121-P, 2014 WL 12585667, at *2 (N.D. Tex. Mar. 13, 2014); *Kopin v. Wells Fargo Bank, N.A.*, 3-11-CV-1968-O, 2011 WL 13130489, at *3 (N.D. Tex. Nov. 14. 2011); *Thompson v. Watson*, 3:98-CV-0289, 1998 WL 249214, at *1 (N.D. Tex. May 8, 1998) (mem. op.) (citing *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 459 (S.D. Tex. 1996)). The Court is only required to determine the proper venue in the district where the plaintiff filed the lawsuit. *See Seariver Maritime Fin. Holdings*, 952 F. Supp. at 459 ("A court is not obliged to determine the 'best' venue for a cause of action pending before it, but rather must determine only whether or not its venue is proper.").

The venue is proper in the Northern District over both Kuron and HP.

CONCLUSION

Defendants' MTDs are **DENIED**.

**SO ORDERED**.

August **15**, 2024

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE